**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ALLSTATE INSURANCE COMPANY

VS. C.A. No. 01-442 T

MICHAEL FORTI, et als

**MOTION TO DISMISS**

Now come the defendant Michael Forti and moves to dismiss plaintiffs' complaint on the basis of the memorandum attached hereto.

JOHN C. MANNI, ESQ., #3603
1405 Plainfield Street
Johnston, RI 02919
(401)944-2647 (FAX 942-8322)

**CERTIFICATION**

I hereby certify that on the 29 day of August, 2005, I faxed true copies of the within to Paul S. Callaghan, Esquire, HIGGINS, CAVANAGH & COONEY, LLC, at 273-8780, and to Robert J. Cosentino, Esquire, at 421-5590.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ALLSTATE INSURANCE COMPANY

VS. C.A. No. 01-442 T

MICHAEL FORTI, et als

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

**TRAVEL**:

In November 1999, suit was brought in Providence County Superior Court (C.A. PC 99-5843) alleging that Michael Forti (Forti) was negligent in the operation of a motor vehicle on March 2, 1998 causing bodily injury to his passengers. Plaintiffs in that action were the co-defendants here. Plaintiff hired Carol Zangari, Esq., to defend Forti in that case under a reservation of rights.

In September 2001, plaintiff brought this action seeking a declaration by this Court that the accident in question was "staged" and/or did not occur.

Forti retained James C. Currier, Esq. as his own attorney. Attorney Currier wrote plaintiff on January 8, 2002 (Tab 1). Attorney Currier also wrote to Attorney Zangari on January 12, 2004 (Tab 2).

A motion to disqualify and/or remove Attorney Zangari as attorney for Forti was filed May 3, 2004. Following oral argument on that motion, Attorney Zangari withdrew (Tab 3).

The Superior Court case was tried May 19-20, 2005. After a bench trial, Ms. Justice Hurst rendered a decision (Tab 4). Judgment was entered in favor of Forti on May 20, 2005 (Tab 5).

**ISSUE:**

1. Does the decision of Ms. Justice Hurst preclude the necessity for this Court to hear the case before this Court?

**ARGUMENT:**

THE DECISION OF MS. JUSTICE HURST MAKES IT UNNECESSARY FOR THIS COURT TO HEAR THIS MATTER.

In her decision, Judge Hurst found Forti credible (Tab 4, p. 2,1.6). She found that the accident occurred when Forti was forced to swerve to the right and hit a telephone pole due to an oncoming vehicle which appeared to all witnesses to have left its lane of travel and was bearing down on the Forti vehicle (Tab 4, p.1, 1.9-23). It should be noted that one of the witnesses, Robert Forti, is employed by AMICA Insurance Company. It is difficult to imagine that he would be involved in any insurance fraud case let along one of such minor claims.

It would appear those findings are binding on plaintiff here for similar reasons as held by this Court in *Lawton, et als v. Nyman, et als*, C.A. No. 98-288 T. As the court knows, cited as authority therein was Bilida v. McLeod, 211 F.3d 166, 170 (1st Cir. 2000) and Restatement (Second) of Judgments Sec. 27 (1982).

**CONCLUSION**:

The motion to dismiss should be granted.

JOHN C. MANNI, ESQ., #3603
1405 Plainfield Street
Johnston, RI 02919
944-2647 (fax: 942-8322)

**CERTIFICATION**

I hereby certify that I faxed a true copy of the within to Robert J. Cosentino, Esq. at 421-5590, and to Paul S. Callaghan, Esq., HIGGINS, CAVANAGH & COONEY, at 273-8780, on the 29 day of August, 2005.