UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | |
| | : | |
| V. | : | C.A. No. 01-442 T |
| | : | |
| MICHAEL FORTI, MALISSA FORTI, | : | |
| ROBERT FORTI and EDWARD IMONDI | : | |

**PLAINTIFF ALLSTATE INSURANCE COMPANY'S OBJECTION TO DEFENDANT MICHAEL FORTI'S MOTION TO DISMISS**

Plaintiff Allstate Insurance Company hereby objects to defendant Michael Forti's motion to dismiss.

Plaintiff relies upon the memorandum of law submitting herewith in support of its objection.

Plaintiff Allstate Insurance Company
By its Attorneys,

HIGGINS, CAVANAGH & COONEY, LLC

Paul S. Callaghan #4931
123 Dyer Street
Providence, RI 02903
(401) 272-3500
Fax (401) 273-8780

**CERTIFICATION**

I hereby certify that a true copy of the above document was mailed by first-class mail, postage prepaid, to John C. Manni, Esq. and Michael DiChiro, Jr., Esq., 1405 Plainfield Street, Johnston, RI 02919, Robert J. Cosentino, Esq., 950 Smith Street, Providence, RI 02908; and James A. Currier, Esq.,128 Dorrance Street, Suite 400, Providence, RI 02903, on this 30th day of September, 2005.

Tracy Fola

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLSTATE INSURANCE COMPANY :
:
V. : C.A. No. 01-442 T
:
MICHAEL FORTI, MALISSA FORTI, :
ROBERT FORTI and EDWARD IMONDI :

**PLAINTIFF ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT MICHAEL FORTI'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Allstate Insurance Company (hereinafter "Allstate") submits this memorandum of law in support of its objection to defendant Michael Forti's motion to dismiss. Allstate respectfully submits that defendant's motion to dismiss should be denied because the doctrine of collateral estoppel, upon which defendant appears to rely in support of his motion , is inapplicable to this case. Therefore, defendant's motion to dismiss should be denied with prejudice.

## II. FACTUAL BACKGROUND

On March 2, 1998, defendants Michael Forti, Malissa Forti, Robert Forti and Edward Imondi traveled to the Foxwoods Casino in Connecticut for an evening of gambling. On that date, the group drove to Foxwoods in a 1988 Oldsmobile, which was owned by and registered to Malissa Forti. Michael Forti purchased the vehicle on February 6, 1998 at the Salvage Center, Inc., a salvage auction located in Uxbridge, Massachusetts. Title to the vehicle was subsequently transferred to Malissa Forti, who obtained a Rhode Island registration for the vehicle and a policy of insurance through A. E. Mazika Insurance Services of Providence, Rhode Island. The vehicle

was registered by Malissa Forti with the Rhode Island Division of Motor Vehicles on February 24, 1998. A policy of liability insurance, No. R38431361-7, was issued by Allstate on February 25, 1998 (five days prior to the accident the defendants claim occurred in North Stonington, Connecticut on March 2, 1998) with a policy period through February 25, 1999. The named insured on the policy is Malissa Lee Forti; Michael Forti is listed as an additional driver. The policy included additional coverage for property damage caused by an uninsured motorist, which by its terms would include coverage for property damage caused by a "hit and run" vehicle whose operator could not be identified.

At the time of purchase the subject Oldsmobile had pre-existing damage to the passenger-side, right front area of the vehicle, including the bumper, hood and right-front fender. The vehicle had previously been owned by Ms. Anna Joyce, a Massachusetts resident, who was insured by Commerce Insurance Company (hereinafter "Commerce"). The vehicle had been involved in a motor vehicle accident while it was owned by Ms. Joyce on or about December 19, 1997. In connection with Commerce's investigation of the loss of December 19, 1997, photographs of the vehicle were taken on December 24, 1997 and a repair estimate was prepared. The photographs depict distinct damage to the passenger-side, front of the vehicle, including a bent right front fender, a buckled hood, a broken headlight and damage to the bumper. On or about January 2, 1998, Commerce determined that the subject vehicle was a total loss due to the damage sustained in the accident of December 19, 1997. The vehicle was then sold at auction as salvage, where it was purchased by Mr. Forti.

The defendants in this case have all previously testified under oath or stated in sworn answers to interrogatories that the subject vehicle was repaired prior to the accident of March 2,

1998. In response to Allstate's request for production of documents, however, the defendants have represented that neither Michael Forti nor Malissa Forti can locate any documentation of repair, maintenance or service to the vehicle prior to the accident of March 2, 1998. Therefore, there is a complete absence of documentary evidence to establish that the vehicle was ever repaired prior to the accident of March 2, 1998. Allstate expects that Michael Forti will testify that he repaired the vehicle himself prior to March 2, 1998, but that there are no records relating to the repair. Allstate is prepared to introduce evidence, including expert testimony, that the vehicle was never repaired after Mr. Forti purchased it.

The defendants claim that on the night of March 2, 1998, they were driving home from Foxwoods Casino when they were involved in a single-vehicle accident. The defendants claim that at the time of the accident, Michael Forti was the operator of the vehicle, Robert Forti was seated in the front passenger seat, and Malissa Forti and Edward Imondi were seated in the back seat. The defendants claim that as they were traveling east on Route 2 in North Stonington, Connecticut, another vehicle, traveling in the opposite direction, was approaching with its high beams on. The defendants claim that as the other vehicle approached, it veered into their lane of travel, thereby forcing Michael Forti to swerve to the right side of the road in order to avoid a collision with the oncoming vehicle. There are no known witnesses to the accident other than the occupants of the Forti vehicle, none of whom can identify, or even vaguely describe, the alleged "phantom" vehicle, other than to say it had its high-beams on and swerved towards their lane. Defendants claim that as a result of Michael Forti's evasive turn to the right, their vehicle struck a utility pole on the right side of the road.

As a result of the accident, the Connecticut State Police conducted an investigation at the

accident scene. The Connecticut State Police determined that there was no evidence of braking found at the scene. The investigating officer determined that Michael Forti was at fault for the incident due to an improper turn and a written warning was issued.

Michael Forti has a lengthy criminal history which includes convictions and guilty pleas to various felonies in Providence County Superior Court and the United States District Court for the District of Rhode Island relating to possession of motor vehicles with altered vehicle identification numbers and transportation of stolen motor vehicles. Mr. Forti has served time in prison as a result of these numerous charges, almost all of which relate to auto-related fraud and dishonesty. Mr. Forti also has been convicted and/or pleaded guilty to similar charges in Massachusetts.

In 1999, defendants, Malissa Forti, Robert Forti and Edward Imondi filed a negligence claim in Providence County Superior Court against Michael Forti. Pursuant to the insurance contract, Allstate retained Attorney Carol Zangari to represent Michael Forti in the state court action. While that action was pending, Allstate filed this declaratory judgment action because of Allstate's belief that the vehicle had never been repaired prior to the alleged accident of March 2, 1998.. Michael Forti then hired James Currier, Esq. to represent him in the state court action. Subsequently, Mr. Currier brought a motion to have Ms. Zangari disqualified from defending Michael Forti in the negligence action filed in state court. After a hearing on the merits, Mr. Justice Rubine allowed Mr. Currier to represent Michael Forti, and Ms. Zangari no longer participated in the case. Thereafter, Allstate did not have an attorney of its choice or any other representative involved in the state court action. In addition Justice Rubine stated that his decision on the motion for disqualification did not "affect Mr. Forti's rights under the insurance

contract" as it was not before him and "it remain[ed] open for another day." *(See transcript of hearing p. 11, attached as Exhibit A).* The Superior Court action was ultimately tried before Justice Hurst (bench trial), who rendered a verdict in favor of defendant Michael Forti after she determined that he had not been negligent.

Allstate now pursues this declaratory judgment action against Michael Forti, Malissa Forti, Robert Forti and Edward Imondi. Allstate claims that any and/or all of the defendants 1) intentionally caused bodily injury and/or property damage and, 2) made fraudulent statements and/or engaged in fraudulent conduct.

Defendant Michael Forti has filed a motion to dismiss, ostensibly under the theory of collateral estoppel, alleging Justice Hurst's opinion in the negligence action heard in Providence County Superior Court precludes this action. Plaintiff respectfully submits that the doctrine of collateral estoppel does not preclude this action as Allstate was not in privity with any party in the state court action and the issues in this case are vastly different than those in the state court action.

## III. STANDARD

This Court, in deciding a motion to dismiss, must take as true the well-plead facts and draw reasonable inferences in favor of the plaintiff. Femino v. NFA Corp., 2005 U.S. Dist. LEXIS 17475 (August 15, 2005). Only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts" should a court grant a motion to dismiss. Id. The Court is to "exempt those facts which have since been conclusively contradicted by plaintiff's concessions or otherwise" and is to eschew "any reliance on bald assertions, unsupportable conclusions and opprobrious epithets." Id.(internal quotations omitted).

## III. ARGUMENT

### A. The Doctrine of Collateral estoppel only applies when the parties are in privity, there has been a final judgment on the merits and the issues are identical.

A federal court determining whether a state court decision has a preclusive effect must employ the law of the state in deciding the issue of preclusion. Pascoag Resevoir & Dam, LLC v. State of Rhode Island, 217 F.Supp.2d 206, 213 (R.I. 2002).

Courts may apply collateral estoppel "when the case before them meets three requirements; 1) the parties are the same or in privity with the parties of the previous proceedings; 2) a final judgment on the merits has been entered in the previous proceedings; 3) the issue or issues in question are identical in both proceedings." Foster-Glocester Regional School Committee v. Dept of Labor and Training, 854 A. 2d 1008, 1014 (R.I. 2004). In short, collateral estoppel prevents the re-litigation of "an issue of ultimate fact" "between the same parties and their privies in future proceedings." Id.

Collateral estoppel "is not be mechanically applied, for it is capable of producing extraordinarily harsh and unfair results." Casco Indemnity Co. v. O'Connor, 755 A.2d 779, 782 (R.I. 2000).

### B. Collateral estoppel does not apply because Allstate was not in privity with any party in the suit heard and decided by Justice Hurst in Providence County Superior Court.

"Parties are in privity when there is a commonality of interest between the two entities and when they sufficiently represent each others' interests." Commercial Insurance Co. v. Pelchat, 727 A.2d 676, 680 (R.I. 1999). "A non-party may be bound by a prior judgment if that

party substantially controlled or was represented by a party to the original." Id. "Collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate that issue in the earlier case." Casco Indemnity Co., 755 A.2d at 782-83.

The facts in the suit at bar are analogous to the facts in Fireman's Fund Insurance Co v. O'Neill, 549 A.2d 1020 (R.I. 1988) attached here as Exhibit C. In O'Neill, the injured party originally brought a tort action in Federal Court against the alleged operator of a hit and run vehicle. Id. The jury found for the defendant. Id. The injured party than sought compensation from their uninsured motorist coverage. Id. The insurer brought a declaratory judgment action in Superior Court relying on res judicata, arguing that the insurer stands in the shoes of the uninsured motorist, and if the uninsured motorist is not liable to the injured party the uninsured motorist insurer cannot be held liable. Id. at 1021.

The Court found the parties were not in privity. Id. The Court stated that the tort action concerned the injured party and the alleged hit and run driver. Id. The uninsured motorist action concerned the injured party and his insurer. Id.

It is clear here that Allstate did not have a full and fair opportunity to litigate any issue in the state court action. The attorney hired by Allstate to represent Mr. Forti, Ms. Zangari, was removed from the case before the trial commenced. Thereafter Mr. Currier represented Mr. Forti. At no time was Allstate given the opportunity to litigate any issue in the state court action, and Allstate certainly was not able to litigate the issues raised in this case. Therefore, Allstate was not in privity with any party in the state court negligence action and the doctrine of collateral estoppel does not apply.

**C. The issue decided in the state court action is not identical to the issue before this court.**

Collateral estoppel does not apply because, in addition to the absence of privity, the issues before this court are not identical to the issues decided by Justice Hurst in state court.

Justice Hurst found that Michael Forti was not negligent in his driving on the night of the accident. Allstate has brought this action claiming that any and/or all of the defendants 1) intentionally caused bodily injury and/or property damage and, 2) made fraudulent statements and/or engaged in fraudulent conduct and seeking to relieve itself of any duty to defend Michael Forti. Clearly the issues are not identical.

Once again the O'Neill decision is relevant. 549 A.2d 1020. In addition to finding the parties were not in privity the Court also found the issues to differ as well. Id. The Court stated the underlying tort action determined whether the alleged hit and run driver caused the collision, while the uninsured motorist claim would determine whether the injured party is entitled to uninusred-motorist benefits pursuant to the insurance policy. Id.

As Justice Rubine stated at the hearing on the motion to disqualify, the question of Mr. Forti's rights under the insurance contract remained open. The underlying tort action simply determined Michael Forti was not negligent. The suit in front of this court would determine whether any and/or all of the defendants committed fraud and the rights of the insured under the insurance contract. The two issues are not identical; accordingly collateral estoppel does not apply.

**D. The cases cited by the defendant in his memorandum do not support a finding of collateral estoppel, as neither decision is relevant to the issue here.**

Defendants refer to Lawton v. Nyman, 357 F.Supp.2d 428 (D.R.I. 2005) and Bilida v.

McCleod, 211 F.3d 166 (1st Cir. 2000) in their motion to dismiss.[1] Allstate submits that neither case is applicable to the suit before this court. Bilida decided the preclusive effect a decision in a criminal case had on a later federal civil action. Bilida, 211 F.3d at 170. And in fact the holding of Bilida is simply, that employees of the State sued in their official capacity are not in privity with the State of Rhode Island which is clearly not applicable to the matter before this court.

The Lawton decision, which involved majority shareholders breach of fiduciary duty, found the partial judgment entered by a lower court and affirmed by an appellate court was binding on the defendants and could not be re-litigated during the hearing on the portion of the suit remanded by the appellate court. Lawton, 357 F.Supp.2d at 432. The decision did not discuss the privity of parties or whether the issues were identical, rather the Court simply stated the judgment was final and had been affirmed and therefore was binding on the defendant. Id. at 433.

Neither Lawton, nor Bilida are applicable to the case before this court. In addition, neither case held that an insurer is precluded from bringing a declaratory judgment claiming an insured committed fraud when the insured, represented by an independently retained attorney, was found not to be negligent in a civil action arising from the same alleged accident.

## IV. CONCLUSION

For the forgoing reasons, Allstate requests that defendant's motion to dismiss be denied with prejudice.

---

[1]Defendants have not analyzed these cases in their memorandum of law and do not state how the holdings relate to the case at bar.

Plaintiff Allstate Insurance Company
By its Attorneys,

HIGGINS, CAVANAGH & COONEY, LLC

Paul S. Callaghan #4931
123 Dyer Street
Providence, RI 02903
(401) 272-3500
Fax (401) 273-8780

**CERTIFICATION**

I hereby certify that a true copy of the above document was mailed by first-class mail, postage prepaid, to John C. Manni, Esq. and Michael DiChiro, Jr., Esq., 1405 Plainfield Street, Johnston, RI 02919, Robert J. Cosentino, Esq., 950 Smith Street, Providence, RI 02908; and James A. Currier, Esq.,128 Dorrance Street, Suite 400, Providence, RI 02903, on this 30th day of September, 2005.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE Sc. SUPERIOR COURT

MALISSA FORTI )
)
Vs. ) PC/99-5843
)
MICHAEL FORTI )

EXHIBIT
A

HEARD BEFORE THE HONORABLE JUSTICE ALLEN P. RUBINE
ON JUNE 17, 2004

APPEARANCES:

ROBERT QUIGLEY, ESQUIRE
FOR ALLSTATE INSURANCE COMPANY

JAMES CURRIER AND CAROL ZANGARI, ESQUIRES
FOR MICHAEL FORTI

LINDA HARRISON, RMR
COURT REPORTER

# CERTIFICATION

I, Linda Harrison, hereby certify that the succeeding pages, 1 through 11, inclusive, are a true and accurate transcript of my stenographic notes.

Linda Harrison

Linda Harrison, RMR
Court Reporter

THURSDAY, JUNE 17, 2004

MORNING SESSION

THE CLERK: The first ready matter is on page 1. PC/99-5843, Malissa Forti Vs. Michael Forti.

MR. CURRIER: James Currier for the defendant, Michael Forti.

MS. ZANGARI: Carol Zangari for the defendant, Michael Forti.

MR. QUIGLEY: Robert Quigley for Allstate Insurance Company.

THE COURT: Who do you represent, Miss Zangari? You represent Michael Forti?

MS. ZANGARI: That is correct, Your Honor. Jim Currier--

THE COURT: And, Jim Currier, you represent--

MR. CURRIER: Michael --

THE COURT: -- Malissa --

MR. CURRIER: No. I just entered my appearance for Michael Forti. That's the crux of this whole issue.

MS. ZANGARI: We both represent the defendant, Michael Forti, as we stand here, and, shortly, Mr. Currier will be representing him individually.

THE COURT: Okay.

MR. CURRIER: Your Honor, this is my motion to disqualify and/or remove Miss Zangari as attorney for the

defendant, due to a conflict of interest. And I'd like to preface my comments by saying, as I told Miss Zangari, I have the utmost respect for her integrity and utmost respect for her ability as an -- her insurance defense ability. Notwithstanding that, Your Honor, this case involves single-car accident in which Michael Forti was operating a vehicle owned by his wife, Malissa Forti, in which she, his brother and his cousin were passengers. Supposedly, a phantom vehicle cut him off in Connecticut, and he hit a tree and these plaintiffs were injured. Notwith -- and I might add also -- it's a matter of record -- Michael Forti had a prior conviction for an insurance-fraud-related offense.

Now, notwithstanding all that, Allstate Insurance Company hired Ms. Zangari to defend him in this case. And, as Your Honor knows, there's always -- there's an inherent conflict of interest when an insurance carrier hires a lawyer and pays a lawyer to defend the insured and the insured has no say, because the policy says he has no right to pick his own attorney and have that attorney paid by the company. But that's not the real problem here, Your Honor. The problem is, having done all that, Allstate hired yet another attorney; filed a declaratory judgment action in the Federal Court against all the parties in this case, alleging that this is all a

fraud and a conspiracy. Mr. Forti's personal attorney asked me to represent him and him alone in that Federal Court case. At that time, the first thing --

THE COURT: He's a defendant in the Federal Court D.J. action?

MR. CURRIER: Yes. All the parties here are defendants in the Federal Court.

THE COURT: So Malissa, Robert and Edward -- Malissa and Robert Forti and Edward Imondi are all defendants together --

MR. CURRIER: I only represent Michael Forti in the Federal Court case. The others have separate attorneys, and the plaintiff, as I said, in the Federal Court case is Allstate Insurance Company. At first blush, I said this is even more of a conflict of interest than I've ever heard, and I checked with Couch, and you don't find any case on all-fours.

THE COURT: Who represents Allstate in the --

MR. CURRIER: An attorney from Higgins Cavanagh & Cooney. So, after my research, not finding any case on point, I didn't expect but to relate the cases to reaffirm my belief, my opinion, that this is clearly a conflict of interest on the part of Allstate. But, to go a step further, I had Mr. Forti in his own personal attorney's office tell me that I don't want to be

represented by Allstate; I want to be represented by you in this case. And I explained -- by the way, he had no -- he had a very fine relationship with Ms. Zangari. She did everything she was supposed do in this case.

THE COURT: If Allstate prevails in the D.J. action, then Mr. Forti would not be entitled to representation by Allstate anyway.

MR. CURRIER: If it prevails, this case goes away, because it will have been proven that none of these people are entitled to anything; plaintiffs or defendant. And that's what troubles Judge Torres. He wants to send the case back here because he believes it belongs consolidated with this, and I don't think they can be tried together, but they could be tried separately.

THE COURT: Has the motion been presented to Judge Torres to that effect?

MR. CURRIER: The motion has been presented. He's reserving decision. We told him what we were going to do here. And I've also explained to Mr. Forti that if his decision to retain me and allow me to make this motion proves wrong, then if there is a judgment against him, Allstate may not be required to indemnify him. Allstate may not be required to pay an attorney's fees incurred by me. Notwithstanding all that, he wants me to be his lawyer in this case. And --

THE COURT: So you're not asking me to rule on what Allstate's obligations might be to indemnify Mr. Forti or to indemnify Mr. Forti relative to the costs of defense.

MR. CURRIER: No, Your Honor. At best, that's for another day; again, depending on what happens in Federal Court. I understand -- I don't want to speak for anybody else. I understand Ms. Zangari, knowing that, she doesn't want to force herself on Mr. Forti. And, to complicate the matter further -- and I don't want to speak for Mr. Quigley either, and I want to preface my remarks that I have the utmost respect for Mr. Quigley's ability as an insurance attorney, as well as his integrity. Allstate has sent Mr. Quigley here today -- he's not a counsel of record in this case -- to object to my motion. In speaking with him, I know he's going to say that the policy says they've got a right to pick the lawyer. But I know all that. What we're doing here is what --

THE COURT: Well, that may -- well --

MR. CURRIER: Again, that's what you just said is for another day.

THE COURT: I think that is for another day; isn't it, Mr. Quigley?

MR. QUIGLEY: No, I don't think so, Your Honor.

THE COURT: If the insured knowingly and

intentionally engages counsel other than counsel who has been appointed by the insurance company to represent him, arguably, he's in violation of his obligations under the insurance policy. But, that's not a question of legal representation. That's a question of contract clause.

MR. QUIGLEY: Well, with all due respect, what I would respond -- first of all, it's my understanding that this case was referred to Allstate for defense on behalf of Mr. Forti.

THE COURT: I'm sure it was.

MR. QUIGLEY: So Mr. Forti has asked for Allstate to provide a defense. I would disagree with Mr. Currier on one point. I think there is a case on point. I've cited -- I tried to give the Court a memo this morning. I didn't get involved in this until yesterday. I apologize for not getting the memo until today. Allstate's objection to the motion isn't necessarily that Ms. Zangari should be compelled to stay on this case. I'm not even sure Ms. Zangari wishes to remain on this case. Allstate objects to this motion inasmuch as the motion seeks to deprive Allstate from the opportunity to have counsel present under the terms of the policy. And I would suggest to the Court --

THE COURT: Isn't that for another day too? Is that a motion that's before me today? You haven't moved to

intervene.

MR. QUIGLEY: No; I understand that, Judge, but Allstate is by -- at least implicitly, a party to this case.

THE COURT: No, they're not, until I rule on a Rule 24 motion to intervene, which may be an interesting motion, but it's not before me yet...

MR. QUIGLEY: Well, I would suggest, again, if the Court were to look at the case cited in my memorandum, Employers' Fire Insurance Company Vs. Beals, which appears in 103 RI 623 -- it's a 1968 case -- it really is the seminal case in Rhode Island on duty to defend and the relationship between a carrier and an insured with respect to duty to defend. The Beals case went to the Supreme Court in a posture relatively similar to this one. There had initially been a declaratory judgment action filed by the insurance company seeking a ruling on whether or not there was a duty owed to either indemnify and/or defend. That matter was dismissed pending the outcome of the trial on the underlying merits of the tort claim. The Supreme Court affirmed that decision, denying the declaratory judgment action, but took the opportunity to address the duty to defend. I think the language in that case specifically does apply to the motion that's before you today and specifically does apply to the

issues that we're raising on behalf of Allstate. The Supreme Court talked about the legitimate interest of the insurance carrier, who is required to provide a defense, in the outcome of the case, particularly in light of the fact that it's being asked to fund the defense and, ultimately, potentially, to indemnify.

THE COURT: But, if -- if the insured chooses to act contrary to what you believe are the terms of the contract, he may -- that may affect his rights with regard to an indemnification from the insurance company or otherwise. But, is that really what's before me?

MR. QUIGLEY: Yes, because -- I point out to the Court, Judge, that's a discussion we've had, that we've had with Mr. Currier in the last -- 25 minutes ago out in the hallway. This defendant doesn't say he wants to pull away from the insurance policy or he's not doing the--

THE COURT: I heard Mr. Currier say that his client recognizes that this action of engaging Mr. Currier to represent him in this action might affect his rights under the policy. Didn't I?

MR. CURRIER: Yes, Your Honor, and he does it knowingly and at his risk, and I've covered myself on paper on that.

MR. QUIGLEY: But, on the other side, Mr. Currier's also requested Allstate reimburse him for the cost.

THE COURT: That's another issue, Mr. Quigley.

MR. CURRIER: I have not done that yet.

MR. QUIGLEY: They've invoked the defense requirements of the policy, and, by doing so, Your Honor, Allstate remains an interested party in the case.

THE COURT: That's another -- that's another issue for another day, Mr. Quigley. I said you may have an interesting motion to intervene, and I'll deal with that at the appropriate time. May I hear from Miss Zangari?

MS. ZANGARI: Very briefly, Your Honor -- and I appreciate the kind comments from Attorney Currier. And this motion--

THE COURT: Nobody said they had the utmost respect for me.

MR. CURRIER: That goes without --

THE COURT: This is like --

MR. CURRIER: That goes without saying, Your Honor.

THE COURT: This is like a love-fest here.

MS. ZANGARI: May I be the fist to say we have the utmost respect for you, Your Honor.

THE COURT: That doesn't count now. I asked for it.

MR. CURRIER: I would have told you anyway.

MS. ZANGARI: The motion to disqualify may even be treated as a motion to withdraw. I have absolutely no objection to removing myself as defense counsel for

Michael Forti. When Mr. Currier first raised this conflict issue, I indicated that I would not object or take any position against Mr. Forti. I represent Michael Forti, as I stand here right now. And, if Mr. Forti feels, whether substantively, legally correct or not, but feels uncomfortable about having me represent him in a case -- because I have done outside work for this particular company for over 20 years now, and this is a company that's taking a posture directly against him in another lawsuit in which I'm not involved -- if that's his sense and that makes him uncomfortable, as far as I'm concerned it's good enough for me. I'm out.

THE COURT: This is a matter of professional responsibility under the code of professional responsibility. This is not a question of insurance contract. Insurance contract questions are another issue. But it's not the issue that's before me today. And I don't know how you want to handle this, whether it's -- you want to allow -- have this set up as my allowing you to withdraw and Mr. Currier entering his appearance, or dealing with it as it's been teed up here, as a motion to disqualify you and remove you as attorney. I think, in either instance, the effect is the same.

MR. CURRIER: We could work out an order to that effect, I'm sure, Your Honor.

MS. ZANGARI: One additional note I want on the record, which I believe all counsel are aware of: This case is on a trial calendar call in July; I believe as early as July 9th or so, and I just want to be sure I can make a smooth transition.

MR. CURRIER: I'll be ready, because I've been intimately involved in the case.

THE COURT: I've said on the record that how your entry of appearance and Miss Zangari's withdrawal of appearance may or may not affect Mr. Forti's rights under the insurance contract is not before me, and I'm not prejudging that issue, and that issue may -- remains open for another day, but, under the circumstances, I'm going to allow Ms. Zangari to withdraw and Mr. Currier to enter an appearance for Mr. Forti. And, however you want that order worded, that you can work out among counsel, would be acceptable. Allstate, to the extent it feels it needs to take further action in regard to this case, this order's without prejudice to that.

MS. ZANGARI: Thank you.

MR. QUIGLEY: Thank you, Your Honor.